**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:06 PM August 27, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SHANE FRANKLIN CULTICE | ) | CASE NO. 14-62491 |
| AND TRACY RENEE CULTICE, | ) | |
| | ) | ADV. NO. 15-6013 |
| Debtors. | ) | |
| _____ | ) | JUDGE RUSS KENDIG |
| SHANE FRANKLIN CULTICE | ) | |
| AND TRACY RENEE CULTICE, | ) | |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM OF OPINION** |
| v. | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| OCWEN LOAN SERVICING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

    Now before the court are two motions: Defendant's motion to dismiss this adversary proceeding and its Amended Motion to Stay Adversary Proceeding. The former is opposed by Plaintiffs, the latter is not.

    The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the order of reference, General Order 2012-7, dated April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K) and the court has the authority to enter final orders and judgments. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

The underlying dispute in this proceeding is not complicated. Plaintiff-debtors ("Debtors") object to the balance due on their residential mortgage. They claim that the arrearage is overstated because the mortgagee failed to account for amounts due, and payments made, under a de facto Home Affordable Modification Program ("HAMP") modification. Debtors allege their compliance with, and performance under, under a Trial Period Plan ("TPP"), and the lender's acceptance of reduced mortgage payments beyond the trial period, created a modification. Defendant contends there was never a valid and enforceable HAMP modification in place. It points out that the TPP was not signed by the lender and no permanent modification agreement was made. The instant motion to dismiss, filed on April 8, 2015, is based on those arguments. While Debtors do not disagree that the agreement was not signed, they maintain that they were entitled to a permanent modification and Defendant is now estopped from disclaiming a modification of the mortgage.

## DISCUSSION

Defendant moved to dismiss the adversary for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), incorporated into bankruptcy practice by Bankruptcy Rule 7012. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court is required to 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.' Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.), 583 F.3d 896, 903 (6th Cir. 2009) (citing Jones v. City of Cincinnati, 521 F.3d 559 (6th Cir. 2008) (internal quotations and citation omitted)). However, this consideration does not extend to "legal conclusions or unwarranted factual inferences," which the court is not required to accept. Southeast Waffles, LLC v. IRS (In re Southeast Waffles, LLC), 460 B.R. 132, 137 (B.A.P. 6th Cir. 2011) (citing Travel Agent Comm'n Antitrust Litig., 583 F.3d at 903).

The relevant allegation at issue here is paragraph twelve of the complaint, which states: "The written Trial Period Plan, together with the payment of all of the payments required under the Trial Period Plan, created an enforceable contract, which contract is binding upon any and all parties claiming to be successors in interest to Litton Loan Servicing, LP." (Comp. ¶ 12, ECF No. 1) Since this asserts a legal conclusion that a HAMP modification was enforceable, the court is not required to view this allegation in Plaintiffs' favor, leaving the door open to consider Defendant's argument that the contract is not enforceable as a matter of law. The court can grant the motion to dismiss "if the facts conclusively establish the defense as a matter of law." Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie), 716 F.3d 404, 412 (6th Cir. 2013) (citation omitted)).

Defendant argues both Ohio law and the contract itself require the lender's signature on the agreement to create an enforceable modification of the loan. Relying on Sixth Circuit case law, Defendant asserts that without the signature, there is no binding contract. Goss v. ABN AMRO Mortg. Grp., 549 Fed.App'x 466 (6th Cir. 2013) (unpublished). Although persuasive,

Goss is not the final word.   Since there is no private cause of action under HAMP, parties, like the borrower in Goss and the Debtors here, resort to state law breach of contract claims, which this court determined to be viable.   Patrick v. CitiMortgage, Inc. (In re Patrick), 2014 WL 7338929 (Bankr. N.D. Ohio 2014) (unpublished).   The problem for Defendant is that Ohio law governs the state law breach of contract claim in this adversary and Goss was decided under Michigan law.

However, applicable Ohio law supports Defendant.   Macklin v. CitiMortgage, Inc., 2015 WL 204062 (Ohio App. 8 Dist. 2015); Wells Fargo Bank, N.A. v. Bielec, 2014 WL 1713125 (Ohio App. 10 Dist. 2014); Nachar v. PNC Bank, N.A., 901 F.Supp.2d 1012 (N.D. Ohio 2012). The reasoning in these cases closely tracks that of Goss.   These courts have uniformly concluded that the contractual language of the temporary modification does not create a binding modification, that the temporary modification is simply step one of the process, a modification signed by the lender is necessary to create a binding modification, and without the binding modification, the original terms of the note remain in full force and effect.   Similarly, the courts have also rejected statute of fraud and promissory estoppel claims on the basis that the lenders made no promise of extending permanent modifications.

The weight of the authority convinces this court that Plaintiffs have failed, as a matter of law, to state a claim upon with relief can be granted.   The court will therefore grant the motion to dismiss.   The amended motion to stay this proceeding is denied as moot.

A separate order will be entered immediately.

#          #          #

**Service List:**

Edwin H Breyfogle
108 Third St NE
Massillon, OH 44646

Barbara Friedman Yaksic
McGlinchey Stafford PLLC
25550 Chagrin Blvd
Suite 406
Cleveland, OH 44122-5495